George A. Winn, Appellee, v. Edwin C. Walker, Appellant.

Gen. No. 14,112.

1. INSTRUCTIONS—*when should be particularly accurate.* Where a case is close upon the evidence the instructions should be drawn with special accuracy.

2. INSTRUCTIONS—*when inaccurate, not subject to cure.* An instruction which authorizes a verdict if certain facts are believed, which facts do not in law justify such a verdict, is not susceptible of being cured by another correct instruction.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed December 21, 1908.

A. BINSWANGER, for appellant.

ADAMS & FROEHLICH, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This cause was tried in the Circuit Court, on appeal from a judgment recovered before a justice of the peace. The jury found for appellee and assessed his damages at the sum of $200, and judgment was rendered on the verdict. The appellant is a stock broker, and, about February 1, 1906, appellant, by appellee's order, purchased for appellee 100 shares of the stock of the United States Steel Company, at $44 5/8 per share. The stock was sold by appellant August 17, 1906, for $43 1/2 per share, and appellant sent a check for the purchase money less appellant's commissions, to appellee, which appellee received and cashed. Appellee's contention is that the shares were sold contrary to his instructions to appellant's manager, Mr. Joseph M. Horine, and appellant contends the contrary. Appellee testified, in substance, that after the purchase of the stock for him, the market price of

shares fell as low as $32 per share, and that he kept putting up margins with appellant, until he had put up $1,900; that just before August 1, 1906, he went to appellant's office, and told Mr. Horine that he was going to Capitol Island, Maine, where he would probably remain during the month of August, and that, in case steel should go down more, he, appellee, would take it up and pay the difference between the margin of $1,900 and $3,300 or $3,400, and take the stock and put it in his vaults, and that he left nothing to appellant's discretion; that he, appellee, went east to the State of Maine about August 1, 1906, and remained there till about the 25th or 26th of that month, and while there he watched the market every day, and that, about August 10th, the market price of the stock was increasing, and that, about August 27th, the market price was $48 per share. Appellee further testified as follows: August 27th he telegraphed to appellant from Boston, Massachusetts, to sell the stock if it should go back to 45 1/2. August 28th or 29th he received, in New York, the following telegram from appellant:

"CHICAGO, August 17/06.

GEORGE A. WINN, City.

DEAR SIR:—We have this day sold for your account and risk, subject in all respects to the rules, by-laws and customs of the New York Stock Exchange, where executed, 100 shares of steel at 43½.

Respectfully yours,

WALKER & COMPANY".

In answer he sent this letter:

"HOTEL VICTORIA, August 29, 06.

JOE: Received here a notice from your house stating that they had sold my steel at 43 1/2. Why?

GEORGE WINN."

He received the following letter, dated Chicago, August 31st, addressed to him, at Philadelphia, in reply to his of August 29th:

"GEO.: Not knowing where to reach you could not

advise you as to action taken on steel com., which in light of subsequent quotations looked like a poor move, but some of the strongest advices (one of which I enclose herewith) came in that day backed up by heavy liquidation, and my judgment was to get out as you had stated you did not care to get hung up again. It was within a point of where you bot and it looked like poor judgment to stand for another big loss. Sorry, old man, but will try and make it up on something in the future. Yrs.,

HORINE.''

Enclosed in that letter was the following:

''Private Wire. Walker & Co., August 17, 1906.

If you have any friends in steel, get them out. The ore deal will cause more trouble than Northern Securities, and the stock will have a good break. J. B. Walker''.

Appellee, September 5th, wrote to Mr. Horine, from Cleveland, Ohio, this letter:

''Your letter received. I consider it only just for you to put me back at the point you sold me out, or credit my account at figures I authorized you to sell, 45 1/2.

GEORGE WINN.''

Subsequently appellee saw Mr. Horine and renewed the request made in the last letter, which Horine refused.

Mr. Horine, appellant's manager, with whom appellee dealt, testified, in substance, as follows: When the market went down in the neighborhood of 32 5/8, appellee had a number of conversations with him; that he wanted to get out of the market, and he, Horine, advised him to take the stock and pay for it, which appellee declined to do, saying that he did not want to tie up any more money, and he said, ''If it goes up near where I bought it, and starts down, I want you to get it out of the market. I don't want to stand for it''. Appellant claims that this was an instruction from appellee to sell the stock if it went

down nearly to the price at which it was purchased, and says that on the day the stock was sold the price had begun to decline.

The case is exceedingly close on the evidence, and, therefore, the instructions should be accurate and not likely to mislead the jury. Swan v. The People, 196 Ill. 610. The court gave to the jury this instruction, at appellee's request:

"The jury are instructed that it is the duty of a broker to obey his client's instructions, and in this case, if the jury believe from the evidence that no authority was given to the defendant to sell or cause to be sold the 100 shares of stock in question for $43.50 per share; and if the jury further believe from the evidence that such sale by said defendant was not thereafter ratified by the plaintiff, then the jury are instructed that the defendant is liable to the plaintiff for any losses, if you believe any has been shown by the evidence to have been sustained by the plaintiff by reason of such sale".

The appellant did not claim, nor did Mr. Horine testify, that appellee gave instruction to sell the stock at $43.50 per share. Horine's testimony is that appellee's instruction to him was that if the market went up nearly to the price at which the shares were purchased, and started down, to get him out of the market; in other words, to sell. The instruction authorizes a finding for appellee, if the jury does not believe that appellant was specifically authorized by the plaintiff to sell the stock for $43.50 per share. The instruction was calculated to mislead the jury, and we cannot know that it did not mislead them. It is insusceptible of cure by any other instruction, because it authorizes a finding for appellee "if the jury believe", etc., and the jury may have been guided solely by the instruction, without considering any other instruction given. There is no evidence that appellant was specifically authorized by appellant to sell at $43.50 per share, or at any fixed price, and, as before

stated, this was not claimed by appellant. Therefore there is no basis in the evidence for the instruction.

The judgment will be reversed and the cause will be remanded.

*Reversed and remanded.*